## Case No. 9,556.

### In re MILLER.

[1 N. Y. Leg. Obs. 180.]

District Court, S. D. New York. 1842.

BANKRUPTCY—DEBT NOT PROVED—DIVIDEND—RIGHT TO PARTICIPATE—DISTRIBUTION.

A creditor is not entitled to come in and participate in a dividend, where his debt has not been proved, until after the order for a distribution has been passed, and the day of making such dividend has been designated.

[In the matter of Edmund H. Miller, a bankrupt.]

In this case exceptions were taken to the report of the assignee classing the creditors, to whom dividends were allotted by him. The immediate point raised for his honor's decision was, whether creditors were entitled to come in and participate in a dividend, provided the debts were proved previous to the payment of the money out of the hands of the assignee, although not until after the dividend had been declared.

BETTS, District Judge. The proceedings necessary now to bring into view are that on the 20th of April the assignee filed his report that he was prepared to make a dividend out of the assets of the estate, which had been reduced to money, and thereupon moved the court to order notice to be given thereof, and to designate the newspaper in which it should be published, and the day the dividend should be made. An order was entered in conformity to the motion the same day, for all persons having objections to make to such distribution to present the same to the court on

Tuesday, the third day of May. No objections were interposed. On the 6th of May, the assignee filed his further report that upon the certificate of the clerk to him, dated May 5th, of debts proved, a dividend could be declared upon that amount, and moved an order accordingly. On the same day, an order was entered on the docket that the assignee pay a dividend pro rata amongst the creditors who may have proved their debts prior to the 11th instant; and if exceptions are filed to the validity of any debt proved, and notice be served on him previous to said day, that he defer payment on such debt until the further order of the court; and if the exceptions are sustained by the court then, that the assignee divide the sum therein embraced rateably amongst the other parties, who have proved their debts as aforesaid. On the 11th of May the assignee filed a further report that of the debts proved against the bankrupt all except one were debts owing by the copartners Pine, Miller & Co., of which the bankrupt was one. That objections had been filed to the validity of one debt proved, which was in the course of litigation, and an order was moved and granted on the 17th that the assignee marshal the debts due by the bankrupt, first discharging his individual indebtedness, and then applying the balance of the assets rateably amongst partnership creditors. On the 2d of June, the assignee filed his further report, specifying the debts and their order, upon which a dividend was computed, and the rate of such dividend. To this report different creditors excepted, and for various causes; but the question now to be disposed of is that raised by the objections of two creditors who proved their debts, and filed the proof on the first day of June.

It is first to be noted, that by the stated practice the assignee estimates his dividends on debts certified by the clerk to have been proved, and the proofs to be on file, and that the clerk is to supply the certificate up to and including the day designated by the court as the one on which the dividend is to be declared. Is the dividend made to be limited to debts in proof at that time, or must the assignee receive, as a new basis of contemplation, all debts proved anterior to the disbursements of the money?

This question is to be considered in a double aspect. First, in regard to the statutory provision; and 2d, upon general principles, deducible from bankrupt and insolvent laws as administered in the United States and England. The authority and direction on the subject conveyed by the statute are contained in the 10th section, and have relation to four particulars. 1st. That a distribution of assets, reduced to money, shall be made amongst creditors who have proved their debts with all practicable and reasonable speed, to commence within six months of the decree of bankruptcy; that notice thereof shall be published at least ten days in a newspaper designated by the court be-

fore the order therefor is passed; and all proceedings in bankruptcy shall, if practicable, be completed within two years. A suit with a third party shall not delay a dividend, and creditors not having proved their debts until a dividend or distribution shall have been made and declared shall be entitled to the same pro rata out of subsequent dividends, so as to make all equal. Sections 5, 10. The court is, moreover, required as a preliminary step to order a collection and distribution of the assets at the earliest periods consistent with a due regard to the interests of creditors. Clearly, then, upon these provisions of the act, it is not necessary or proper to await the movement of creditors, in order to put the matter of distribution in action. The orders will be entered, and the notice given, whether debts have been proved or not, and it would seem to comport with the manifest purpose of the act that such order should be peremptory as to time, and, when fulfilled, that it would become absolute as to all creditors who had come in and proved debts, or who had failed to do so. The provision saving to creditors their equal shares out of subsequent dividends when the debts have not been proved, until a distribution shall have been made and declared, plainly denotes that the proof must be in alike before the dividend is declared as before its payment; and that intendment is corroborated by a preceding clause, directing notice to be given in a paper designated by the court ten days before the order is passed. Passing the order would seem, therefore, to be the period that fixed the rights of creditors in respect to that particular dividend. This construction of the act is the only one that can give bearing and consistency to the proceedings under this branch of the law. If additional debts may be brought into the computation after the day designated by the order, the assignee can never determine and report a pro rata which can be subjected to the review of the court, as it would be subject to incessant fluctuations and renewals; and what would render it still more inconvenient and unequal in practice would be that, even after he had paid dividends under the rate, to a part of the creditors, others might come in and arrest payments in progress to the residue, and, by presenting from day to day a new basis of distribution, dwindle down the pro rata first established, and place those creditors to whom it was declared on a scale constantly descending in its proportions.

The inconveniency of these proceedings would induce courts to uphold to the diligent creditor his advantages, if not taken away by the imperative provisions of the law; and in my judgment the act, instead of militating against the course adopted· in this case, favors and supports it, for by allowing creditors to come in subsequently to a full proportion, when they did not prove their debts until after a distribution had been declared and made, the intention of congress is that the failure to prove in time excludes the creditor from antecedent dividends is inferrible by very strong implication. This is also in consonance with the interpretation now given the English acts. 1 Schoales & L. 242; 2 Brown, Ch. 50. Nor does the word "made" require the construction put upon it on the argument that the creditor is in time if he proves his debt before the assignee pays out the money. The more natural interpretation of the term as associated and applied would be to regard it equivalent to that of passing the decree or order, because the previous terms of the section indicate that the dividend must be made upon the order passed therefor. The question would be essentially different if the application had been upon adequate equities to postpone the dividend until other creditors could be prepared to participate in it. This power the court could no doubt exercise at least any time within the six months appointed by the statute. 17 Ves. 513. That application would place creditors upon a different footing in relation to each other, for it would afford opportunity to look into and object to the debts proposed to be brought in for a share of the dividend, or, if accompanied by evidence that the first dividend would exhaust the whole estate, would rest upon considerations of impressive equity. This motion is not based upon such equities, and though on the argument it is suggested that no ulterior assets are to be expected that consideration is only urged to induce the court to give a peremptory order admitting ·those debts to take under the distribution, and not as an incident calling for the interposition of the court to stay distribution for the benefit of all other creditors alike with these particular ones.

I am of opinion therefore that under a proper construction of the act a creditor is not entitled to have his debt brought in for a dividend if not proved until after the order for a distribution is passed and the day of making it designated. That order must be vacated or postponed or otherwise disposed of before any other creditors can come in to share in such dividend. The exception to the assignee's report in this behalf cannot therefore be maintained upon the true import and spirit of the act. The rules prevailing in analogous cases are of like bearing. The decree of distribution and dividend is regarded in England and this country as fixing the rights of creditors as they exist at the time such decree passes. Even assumpsit has been authorized on the part of the creditor to recover the amount of the assignee, and the assignee was not permitted to dispute the amount allotted. Brown v. Bullen, 1 Doug. 407. The case of Pratt v. Rathbun, 7 Paige, 270, 271, is strong to show that creditors will not be allowed to come in as of course, after the day for proving debts before a master has elapsed, so as to obtain an advantage in the distribution of an insol-

vent's estate, but that the day of proof is not held to with strictness so long as the proof can be received afterwards without injustice to other parties. In that case, although the creditors had gone into proof in due time before the master, and supposed their debt was properly established, the chancellor only allowed them to come in subsequently and supply accidental omissions or insufficiency, on terms essentially changing the position they might have held, had their debt been proved at the time designated. No excuse is presented in this case other in reality than that the matter was not probably regarded as worthy any attention; and the business of the court in these numerous proceedings in bankruptcy can never be conducted with system and despatch if parties are not held to observe the orders of the court passed in interlocutory stages of the case with all reasonable exactness. This being a case of bald laches, the party does not entitle himself to come in and prove his debt, and take a dividend under the order as it stands.

[See Case No. 9,550.]